**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5183

TREVOR BRAITHWAITE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-94-653-4)

Submitted: March 21, 1996

Decided: April 4, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Reynolds Williams, WILLCOX, MCLEOD, BUYCK &
WILLIAMS, Florence, South Carolina, for Appellant. J. Preston
Strom, Jr., United States Attorney, Alfred J. Bethea, Jr., Assistant
United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Trevor Braithwaite appeals his conviction and sentence on a jury verdict of knowing possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g) (West Supp. 1995). Braithwaite timely filed this direct appeal, advancing three claims of error. First, Braithwaite claims that his arrest was unlawful due to a technical defect in the warrant, and therefore that the district court erred in denying his motion to suppress the firearm. Second, Braithwaite claims that the evidence was insufficient to support the jury's verdict. Finally, Braithwaite claims that the district court erred in enhancing his sentence for committing perjury pursuant to U.S.S.G. § 3C1.1 (Nov. 1994). For the reasons set forth below, we affirm Braithwaite's conviction and sentence.

This Court reviews the district court's factual findings regarding suppression for clear error, and applies a de novo standard of review to the ultimate suppression decision. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, ___ U.S. ___, 61 U.S.L.W. 3285 (U.S. Oct. 13, 1992) (No. 92-5734). Fourth and Fifth Amendment violations are waived by failing to file a pretrial motion to suppress as required by Fed. R. Crim. P. 12(b)(3). In this case, Braithwaite's attorney waited until the trial had begun before making his motion to suppress the firearm on the ground that there was a technical defect in the arrest warrant. While the failure to timely move to suppress evidence may be excused for just cause and a showing of resultant prejudice, we find that no just cause exists in this case. See United States v. Wilson, 895 F.2d 168, 173 (4th Cir. 1990); see also Fed. R. Crim. P. 12(f). Accordingly, we find Braithwaite's first claim of error to be without merit.

Braithwaite next claims that the evidence was insufficient to support his conviction of possessing the firearm. Specifically, Braith-

2

waite claims that the testimony of the police officers that they found the firearm on Braithwaite's person was incredible. In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether any rational trier of fact could have found Braithwaite guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The evidence must be construed in the light most favorable to the Government. Tresvant, 677 F.2d at 1021; United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991). If there exists substantial evidence to support a verdict, viewing the evidence in the light most favorable to the Government, the verdict must be sustained. Glasser v. United States, 315 U.S. 60, 80 (1942). This Court considers circumstantial and direct evidence, and allows the Government the benefit of all reasonable inferences from the facts established to those sought to be proven. Tresvant, 677 F.2d at 1021. Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989).

At the trial on this matter, Officer Potter testified that he found the firearm in Braithwaite's right pocket. Officer Parker testified that he saw Officer Potter find the gun in Braithwaite's right front pocket. Moreover, two other officers testified that they were present when the gun was seized from Braithwaite. Braithwaite asserts that the testimony of the police officers is not credible given the type of clothing he was wearing at the time. Specifically, he claims that if he had had a gun on his person prior to a scuffle which ensued prior to his arrest, many other witnesses would have seen the firearm. However, in resolving issues of substantial evidence, this Court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989); Murdaugh Volkswagen, Inc. v. First Nat'l Bank of S.C., 801 F.2d 719, 725 (4th Cir. 1986).

Even if the jury had decided guilt on the basis of Officers Potter and Parker's testimony alone, the jury's decision to believe their testimony is not reviewable. The officers' testimony, taken in the light most favorable to the Government, supports Braithwaite's conviction. Accordingly, we deny Braithwaite relief on this claim.

Finally, an enhancement for obstruction of justice based on perjury may be given if the district court finds that the defendant committed

3

perjury in his trial testimony, that is, that he intentionally lied about a material matter. U.S.S.G. § 3C1.1; United States v. Dunnigan, 507 U.S. 87, ___, 61 U.S.L.W. 4180, 4183 (U.S. Feb. 23, 1993) (No. 91-1300). Rather than make a specific finding on each of the elements of perjury, the court may make a finding that encompasses them all. Id.; United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995). Here, the district court found that Braithwaite intentionally lied when he testified that he had no firearm in his possession, and that the perjury was material. We find that the district court's findings were proper and adequate to permit the adjustment under Dunnigan and U.S.S.G. § 3C1.1.

Accordingly, we affirm Braithwaite's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4